Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CONCORD DRYWALL, INC., a California Corporation, and TIM TITSWORTH, an individual,<br><br>    Defendants. | Case No.: C12-0252 CW<br><br>**NOTICE AND ACKNOWLEDGMENT; and**<br><br>**JUDGMENT PURSUANT TO STIPULATION; [PROPOSED] ORDER THEREON** |

IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment shall be entered in the within action in favor of the Plaintiffs BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, et al. (collectively "Plaintiffs" or "Trust Funds") and against Defendants CONCORD DRYWALL, INC., a California Corporation, and TIM TITSWORTH, an individual, and/or alter egos and/or successor entities, as follows:

1.    Defendants entered into a valid Collective Bargaining Agreement with the District Council 16 of the International Union of Painters and Allied Trades (hereinafter "Bargaining Agreement"). This Bargaining Agreement has continued in full force and effect to the present time.

2.    Defendant TIM TITSWORTH executed the Agreement of Employers Regarding Bay Area Painters and Tapers Trust Funds on behalf of Defendant CONCORD DRYWALL, INC., which provides that the person signing on behalf of employer is personally and individually

1  liable for the employer's contributions as required by the Bargaining Agreement.

2        3.      Defendant TIM TITSWORTH, RMO/CEO/President of CONCORD DRYWALL,
INC., acknowledges receipt of the following documents in this action both as an individual and on
behalf of Defendant CONCORD DRYWALL, INC., a California Corporation: Summons;
Complaint; ADR Dispute Resolution Procedures in the Northern District of California;
Instructions for Completion of ADR Forms Regarding Selection of and ADR Process; Stipulation
and [Proposed] Order Selecting ADR Process (Blank Form); Notice of Need for ADR Phone
Conference (Blank Form); ADR Certification By Parties and Counsel (Blank Form); Notice of
Assignment of Case to a United States Magistrate Judge for Trial; Consent to Proceed Before A
United States Magistrate Judge (Blank Form); Declination to Proceed Before a Magistrate Judge
and Request For Reassignment to A United States District Judge (Blank Form); Order Setting
Initial Case Management Conference and ADR Deadlines; Standing Order For Magistrate Judge
Jacqueline Scott Corley; Standing Order for All Judges of the Northern District of California,
Contents of Joint Case Management Statement; Welcome to the U.S. District Court; Northern
California ECF Registration Information Handout; Certification of Interested Entities or Persons
Pursuant to Local Rule 3-16; Declination to Proceed Before a Magistrate Judge and Request For
Reassignment to A United States District Judge; Notice of Impending Reassignment to a United
States District Court Judge; Reassignment Order; Case Management Scheduling Order for
Reassigned Civil Cases.

      4.      Defendants have become indebted to the Trust Funds as follows:

| Work Period | Unpaid Contributions | 20% Liquidated Damages* | 5% Interest (thru 1/25/12) | |
|---|---|---|---|---|
| Aug-11 | 6,809.04 | 1,361.81 | 108.81 | |
| Sept-11 | 2,364.30 | 472.86 | 27.52 | |
| Oct-11 | 8,349.18 | 1,669.84 | 63.84 | |
| *Subtotals:* | **$17,522.52** | **$3,504.51** | **$200.17** | |
| Unpaid Contributions, Liquidated Damages & Interest (Apr-11 through Dec-11, breakdown above) | | | | **$21,227.20** |
| Attorneys' Fees (through 1/23/12) | | | | *$813.50* |
| Complaint Filing Fee | | | | *$350.00* |
| **Grand Total:** | | | | **$22,390.70** |

5.      Defendants shall *conditionally* pay the amount of **$18,886.19**, representing all of the above amounts, **less liquidated damages in the amount of $3,504.51.** *This waiver is expressly conditioned upon the Trustees' approval upon timely compliance with all of the terms of this Stipulation,* as follows:

(a)     Beginning on or before January 31, 2012, and on or before the last business day of each month thereafter, for a period of twelve (12) months, through and including December 31, 2012, Defendant shall pay to Plaintiffs the amount of **$1,617.00** per month;

(b)     Payments may be made by joint check to Defendant and Plaintiffs' Trust Funds, and if so, shall be endorsed by Defendants prior to submission to Plaintiffs;

(c)     Defendants shall have the right to increase the monthly payments at any time, without penalty;

(d)     Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest at the rate of 5% per annum, from January 26, 2012, in accordance with Plaintiffs' Trust Agreements;

(e)     Payments shall be made payable to the "*District Council 16 Northern California Trust Funds*" and delivered to Muriel B. Kaplan at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs, **to be received on or before the last business day of each month**.

(f)     Defendants shall pay all additional costs and attorneys' fees incurred by Plaintiffs in connection with collection and allocation of the amounts owed by Defendants to Plaintiffs under this Stipulation, regardless of whether or not there is a default herein.

(g)     Prior to December 31, 2012, the deadline for Defendants' last monthly payment toward the conditional balance owed under the Stipulation, Plaintiffs shall notify Defendants in writing of the final amount due, including any additional interest and attorneys' fees and costs, as well as any other amounts due under the terms herein. Any additional amounts due pursuant to the provisions hereunder shall be paid in full with the final conditional stipulated payment.

(h)     Following Defendants' payment of their last conditional monthly payment under the Stipulation, Defendants will be advised as to whether or not the waiver has been granted by the Board of Trustees. If the waiver is granted, upon bank clearance of Defendants' last payment of the conditional balance and confirmation that Defendants' account is otherwise current, Plaintiffs will file a Notice of Satisfaction of Judgment with the Court. However, if the waiver is denied, monthly payments will continue until all liquidated damages due have been paid.

(i)     Failure to comply with any of the above terms shall constitute a default of Defendants' obligations under this Stipulation and the provisions of ¶11 shall apply.

(j)     **Plaintiffs acknowledge receipt of Defendants' recent payment (checks numbered 28371 and 28407 in the total sum of $3,000.00) and are crediting said payments the amounts listed above, upon bank clearance.**

5.     Beginning with contributions due for hours worked by Defendants' employees during the month of December 2011, which are due on January 15, 2012 and delinquent if not received by January 31, 2012, and for every month thereafter, Defendants **shall remain current in reporting and payment of any contributions** due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended. **Defendants shall submit a copy of the contribution report for each month, together with a copy of that payment check, by facsimile to Muriel B. Kaplan at 415-882-9287, or to such other fax number as may be specified by Plaintiffs, <u>prior to sending the payment to the Trust Fund office.</u>** Failure by Defendants to timely submit copies of current contribution reports and payments to Muriel B. Kaplan as described above shall constitute a default of the obligations under this agreement.

6.     Defendants shall make full disclosure of all jobs on which they are working by providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, the name and address of job, general contractor information, certified payroll if a public works job, and period of work. **Defendants shall submit said updated list each month together with the contribution report (as required by this Stipulation) by facsimile to Muriel B. Kaplan at 415-882-9287.** This requirement remains in full force and effect regardless of whether or not

-4-
NOTICE AND ACKNOWLEDGEMENT; JUDGMENT PURSUANT TO STIPULATION
Case No.: C12-0252 CW

Defendants have ongoing work. In this event, Defendants shall submit a statement stating that there are no current jobs. A blank job report form is attached hereto as *Exhibit A* for Defendants' use. To the extent that Defendants are working on a Public Works job, or any other job for which Certified Payroll Reports are required, copies of said Reports will be mailed or faxed to Muriel B. Kaplan, concurrently with their submission to the general contractor, owner or other reporting agency. Failure by Defendants to timely submit updated job lists shall constitute a default of the obligations under this agreement.

7. Failure by Defendants to remain current in reporting or payment of contributions shall constitute a default of the obligations under this agreement. Any such unpaid or late paid contributions, together with 20% liquidated damages and 5% per annum interest accrued on contributions, shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto. Defendants specifically waive the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

8. **Audit:** Should the Trust Funds request an audit of Defendants' payroll records in order to confirm proper reporting and payment of contributions pursuant to the Bargaining Agreement, any failure by Defendants to comply with said request or with an audit in progress, if any, shall constitute a default of the obligations under this Agreement.

(a) If Defendants are unable to make payment in full as may be found due on any such audit, Defendants may request that Plaintiffs revise this Judgment, modifying the payment plan (by monthly amount and/or payment term), to add the amounts found due in the audit, subject to the terms herein. If the Judgment is so revised, Defendants shall execute the Amendment to Judgment within ten (10) days of its submission to Defendants. Failure to execute the revised agreement shall constitute a default of the terms herein.

(b) Failure by Defendants to submit either payment in full or request the

1  addition of the amounts found due on audit to this Judgment within ten (10) days of the date of
2  Plaintiffs demand shall constitute a default of the obligations under this agreement.  All amounts
3  found due on audit shall immediately become part of this Judgment.

4      8.    In the event that any check is not timely submitted, is submitted by Defendants but
5  fails to clear the bank, or is unable to be negotiated for any reason for which Defendants are
6  responsible, this shall be considered to be a default on the Judgment entered. If Defendants fail to
7  submit their contribution reports, and/or certified payroll reports (if any) and/or job lists, and/or
8  fails to comply with *any* of the terms of the Stipulation herein, this too shall constitute a default.

9      9.    Defendants and any additional entities in which TIM TITSWORTH is an officer,
10 owner or possesses any ownership interest, including all successors in interest, assignees, and
11 affiliated entities (including, but not limited to parent or other controlling companies), and any
12 companies with which CONCORD DRYWALL, INC. joins or merges, if any, shall also be bound
13 by the terms of this Stipulation. Defendants and all such entities specifically consent to the Court's
14 jurisdiction, in which shall be specified in writing at the time of any assignment, affiliation or
15 purchase of Defendant, along with the obligations to the terms herein.

16     10.   If a default occurs, Plaintiffs shall make a written demand, sent to Defendants by
17 facsimile to 925-825-9583 and by regular mail, to cure said default within seven (7) days of the
18 date of the notice from Plaintiffs. If Defendants elect to cure said default, and Plaintiffs elect to
19 accept future payments, all such payments shall be made by cashier's check if the default is caused
20 by a failed check.

21     11.   In the event the default is not cured, all amounts remaining due hereunder, as well
22 as any additional amounts due pursuant to the terms herein, shall be due and payable on demand
23 by Plaintiffs as follows:

24     (a)   The entire amount of **$22,390.70** plus interest, reduced by principal
25 payments received by Plaintiffs, but increased by any unpaid contributions then due, including
26 audit findings, if any, plus 20% liquidated damages and 5% per annum interest thereon shall be
27 immediately due, together with any additional attorneys' fees and costs incurred;

28     (b)   A Writ of Execution may be obtained against Defendants and all related

1 entities without further notice, in the amount of the unpaid balance, plus any additional amounts
2 due under the terms herein. The declaration of a duly authorized representative of the Plaintiffs
3 setting forth any payment theretofore made by or on behalf of Defendants, and the balance due
4 and owing as of the date of default, shall be sufficient to secure the issuance of a Writ of
5 Execution. Defendants specifically decline the authority of a Magistrate Judge for all proceedings
6 herein;

7        (c)    Defendants waive notice of entry of judgment and expressly waive all rights
8 to stay of execution and appeal.

9    12.   Any failure on the part of the Plaintiffs to take any action against Defendants as
10 provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed
11 a waiver of any subsequent breach by the Defendants of any provisions herein.

12   13.   In the event of the filing of a bankruptcy petition by Defendants, the parties agree
13 that any payments made by Defendants pursuant to the terms of this judgment, shall be deemed to
14 have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2)
15 and shall not be claimed by Defendants as a preference under 11 U.S.C. Section 547 or otherwise.
16 Defendants nevertheless represent that no bankruptcy filing is anticipated.

17   14.   Should any provision of this Stipulation be declared or determined by any court of
18 competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and
19 enforceability of the remaining parts, terms or provisions shall not be affected thereby and said
20 illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this
21 Stipulation.

22   15.   This Stipulation is limited to the agreement between the parties with respect to the
23 delinquent contributions and related sums enumerated herein, owed by Defendants to the
24 Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any.
25 Defendants acknowledge that the Plaintiffs expressly reserve their right to pursue withdrawal
26 liability claims, if any, against Defendants as provided by the Plaintiffs' Plan Documents, the
27 Trust Agreements incorporated into the Collective Bargaining Agreement, and the law.

28   16.   This Stipulation contains all of the terms agreed by the parties and no other

1  agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

17. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

18. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

19. All parties represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enters into this Stipulation voluntarily and without duress.

| Dated: February 13, 2012 | **CONCORD DRYWALL, INC., a California Corporation** |
|---|---|
| | By: /S/ |
| | TIMOTHY R. TITSWORTH, its RMO/CEO/President |
| Dated: February 13, 2012 | **TIM TITSWORTH, an individual** |
| | By: /S/ |
| | TIMOTHY R. TITSWORTH |
| Dated: February 21, 2012 | **SALTZMAN & JOHNSON LAW CORPORATION** |
| | By: /S/ |
| | MURIEL B. KAPLAN Attorneys for Plaintiffs, Bay Area Painters & Tapers Trust Funds |

**IT IS SO ORDERED.**

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Dated: _____, 2012

_____
UNITED STATES DISTRICT COURT JUDGE

## Exhibit A

*JOB REPORT FORM*
*** Updated report must be faxed to Muriel B. Kaplan, Esq., at (415) 882-9287 on or before the last business day of each month ***

Employer Name: **CONCORD DRYWALL, INC.**

Report for the month of _____, 2012_Submitted by (name): _____

| | |
|---|---|
| Project Name: | |
| Project Address: | |
| General Contractor: | |
| General Contractor Address/Tel. #: | |

| | | | |
|---|---|---|---|
| Contract #: | | Date of Contract: | |

| | |
|---|---|
| Total Value of Contract: | |

| | | | |
|---|---|---|---|
| Work Start Date: | | Work Completion Date: | |

| | |
|---|---|
| Project Name: | |
| Project Address: | |
| General Contractor: | |
| General Contractor Address/Tel. #: | |

| | | | |
|---|---|---|---|
| Contract #: | | Date of Contract: | |

| | |
|---|---|
| Total Value of Contract: | |

| | | | |
|---|---|---|---|
| Work Start Date: | | Work Completion Date: | |

| | |
|---|---|
| Project Name: | |
| Project Address: | |
| General Contractor: | |
| General Contractor Address/Tel. #: | |

| | | | |
|---|---|---|---|
| Contract #: | | Date of Contract: | |

| | |
|---|---|
| Total Value of Contract: | |

| | | | |
|---|---|---|---|
| Work Start Date: | | Work Completion Date: | |

*** Attach additional sheets as necessary ***

1  agreements have been made. Any changes to this Stipulation shall be effective only if made in
2  writing and signed by all parties hereto.

3      17.    This Stipulation may be executed in any number of counterparts and by facsimile,
4  each of which shall be deemed an original and all of which shall constitute the same instrument.

5      18.    The parties agree that the Court shall retain jurisdiction of this matter until this
6  Judgment is satisfied.

7      19.    All parties represent and warrant that they have had the opportunity to be or have
8  been represented by counsel of their own choosing in connection with entering this Stipulation
9  under the terms and conditions set forth herein, that they have read this Stipulation with care and
10 are fully aware of and represent that they enters into this Stipulation voluntarily and without
11 duress.

12 Dated: February 13, 2012    **CONCORD DRYWALL, INC., a California Corporation**

14 By: _____
    TIMOTHY R. TITSWORTH, its
15     RMO/CEO/President

16 Dated: February 13, 2012    **TIM TITSWORTH, an individual**

18 By: _____
    TIMOTHY R. TITSWORTH

19 Dated: February 21, 2012    **SALTZMAN & JOHNSON LAW CORPORATION**

21 By: _____
    MURIEL B. KAPLAN
22     Attorneys for Plaintiffs, Bay Area Painters & Tapers Trust Funds

**IT IS SO ORDERED.**

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Dated: February 24, 2012

_____
UNITED STATES DISTRICT COURT JUDGE